IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLTON WASHINGTON THOMPSON,   *
   #A34 062 678,
               Petitioner,     *
    v.                    CIVIL ACTION NO. JFM-06-407
                           *
DOUGLAS C. DEVENYNS,
               Respondent.     *
                        ******

## MEMORANDUM

On February 16, 2006, Carlton Washington Thompson, a Department of Homeland Security,

Immigration and Bureau of Customs Enforcement ("ICE") detainee currently housed at the

Wicomico County Detention Center, filed this 28 U.S.C. § 2241 petition for writ of habeas corpus

seeking immediate release, alleging that his continued detention pending institution of removal

proceedings violates the dictates of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Paper No. 1. On April

21, 2006, the government filed its Response to the petition arguing that the case should be dismissed

because petitioner's detention is mandatory. Paper No. 3. On May 12, 2006, respondent filed a

Notice of Intent to Remove. Paper No. 4. No oral argument is necessary because the issue has been

fully briefed. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the court will by

separate Order dismiss the Petition for Writ of Habeas Corpus.

I. Background

Petitioner is a citizen of Jamaica who was admitted to the United States in 1974 as a lawful

permanent resident. Paper No. 1, Paper No. 3, Ex. A. Under the alias Lloyd Barrington Watson,

Petitioner was deported from the United States on April 1, 1982.[1]  Thereafter he unlawfully

---

[1]A fingerprint comparison performed by the Federal Bureau of Investigation confirmed that petitioner is the same person deported in 1982 under the name of Lloyd Barrington Watson. Paper No. 3, Ex. B.

reentered the Untied States at an unknown place and time.  Paper No. 3, Ex. B.

Petitioner was taken into ICE custody on June 6, 2005.  Where an alien is found to have reentered the Unites States after having been deported, the prior order of deportation is reinstated from its original date and is not subject to re-opening or review. *See* Section 241(a)((5) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(5).  Before a prior order of deportation may be reinstated,  however, ICE must obtain the actual order of deportation. *See* 8 C.F.R. § 241.8(a)(1).  If ICE is not able to obtain the original order, then the order may not be reinstated and the alien is placed in removal proceedings before an Immigration Judge ("IJ") pursuant to § 240 of the INA, 8 U.S.C. § 1229a.

In the instant case, petitioner was served with a Notice of Intent to Reinstate Prior Order of Deportation. *Id.*, Ex. B.  ICE was not able to obtain the prior deportation order and the deportation order therefore could not be reinstated.  As such, petitioner was placed in removal proceedings under § 240 of the INA, 8 U.S.C. § 1229a.  Petitioner was served with a Notice to Appear charging him as removable from the United States as an alien convicted of: (1) a firearms offense under § 237(a)(2)(C) of the INA, 8 U.S.C. 1227(a)(2)(C); (2) a law relating to a controlled substance under § 237(a)(2)(B)(i) of the INA, 8 U.S.C. 1227(a)(2)(B)(i); and (3) an aggravated felony drug trafficking offense under §§ 237(a)(2)(A)(iii) and 101(a)(43)(B) of the INA, 8 U.S.C. §§ 1227(a)2)(A)(iii) and 1101(a)(43)(B). *Id.*, Ex C.  On March 24, 2006, the Immigration Judge ("IJ") ordered petitioner removed to Jamaica.  Petitioner waived his right to appeal the decision of the IJ. *Id.*, Ex. D.

## II. Analysis

To the extent that petitioner is challenging his detention pending the entry of a final order

of removal, his claim is now moot.  The final order of removal was entered on March 24, 2006.

To the extent petitioner challenges his continued post-removal detention under 8 U.S.C.

§ 1231(a)(6) and 8 C.F.R. § 241.4, the court finds his claim without merit.  The law dealing with the

detention of deportable aliens is found at 8 U.S.C. § 1231, which is supplemented by various

subsections of 8 C.F.R. § 241.  Under § 1231 when deportation of an alien is ordered and that alien

has been convicted of aggravated felonies, controlled substance offenses, firearms offenses or other

serious crimes, the Attorney General is to keep the alien in custody if the incarceration for the crime

has ended and the alien cannot be immediately removed.[2] *See* 8 U.S.C. § 1231.

The Supreme Court has directly answered the question of how long an alien may be held in

post-removal order detention.  In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held

that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period

reasonably necessary to bring about the alien's removal from the United States and does not permit

indefinite detention.  In sum, the Supreme Court found that after a order of deportation became final,

an alien may be held for a six month period.  After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood
> of removal in the reasonably foreseeable future, the Government must respond with
> evidence sufficient to rebut that showing. And for detention to remain reasonable,
> as the period of prior post-removal confinement grows, what counts as the
> 'reasonably foreseeable future' conversely would have to shrink.  This 6-month
> presumption, of course, does not mean that every alien not removed must be released
> after six months. To the contrary, an alien may be held in confinement until it has
> been determined that there is no significant likelihood of removal in the reasonably
> foreseeable future.

*Zadvydas*, 533 U.S. at 701.

---

[2]  During the first 90 days after the order of removal becomes final, a criminal alien's detention is mandatory. *See* 8 U.S.C. § 1231(a)(1)(B)(i) and 1231(a)(2).

Petitioner's order of removal did not become final until the March 24, 2006. *See* 8 C.F.R.

§ 241.1(c) (a deportation order issued by an IJ becomes final upon decision of the appeal by the

Board of Immigration Appeals, upon waiver of appeal, or upon expiration of the time allotted for

an appeal when no appeal is taken).  Under the *Zadvydas* decision, the DHS has a presumptive six

month period from March 24, 2006, within which to effect petitioner's  removal.  The court finds

no constitutional or statutory violation with regard to petitioner's detention at this time.[3]

### III. Conclusion

In light of the foregoing,  the petition for habeas corpus relief shall be dismissed.  A separate

Order follows.

  May 16, 2006                                 /s/
     Date                                J. Frederick Motz
                                         United States District Judge

---

[3]        The court is in receipt of respondent's Notice of Intent to Remove (Paper No. 4) indicating that the
government intends to deport petitioner on or about May 20, 2006.